UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAVIN MORGAN                                                              CIVIL ACTION

VERSUS                                                                           NO: 08-3443

ELTON JOHNSON, ET AL.                                              SECTION: "A" (5)

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by Elton Johnson. Lincoln General Insurance Company ("Lincoln General") opposes the motion. The motion, set for hearing on July 23, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

**I.    BACKGROUND**

The instant action arises out of an automobile accident which occurred on or about April 16, 2007. (Pet. ¶ 2). Gavin Morgan was a guest passenger in a vehicle operated by Elton Johnson, which Morgan alleges was stopped in the far right lane of US90B at its intersection with MacArthur Boulevard. (*Id.*) According to Morgan, as the light changed, "suddenly and without warning, a vehicle being operated by Meho Sarasevic attempted to make a right turn from the right center lane crossing over the lanes of travel for the Johnson vehicle striking that vehicle." (*Id.*)

As a result of the foregoing, on April 4, 2008, Morgan filed an action in the Civil District Court for the Parish of Orleans against the following defendants: Elton Johnson, AIG National Insurance Company, Meho Sarasevic, M and H Trucking, and Lincoln General. (*Id.* at ¶ 1). Morgan asserts negligence claims against Johnson and Sarasevic, a claim against Sarasevic's employer M and H Trucking, and claims against Lincoln General and AIG, insurance companies for Sarasevic and Johnson, respectively. (*Id.* at ¶¶ 3-7).

Subsequently, on April 8, 2008, Johnson filed what he styled as a "Petition for Intervention" against Sarasevic, M and H Trucking, and Lincoln General, seeking damages arising out of the April 16, 2007 automobile accident. (Pet. for Intervention ¶ 1-2).

Lincoln General removed Johnson's "Petition for Intervention" to this Court. (Rec. Doc. 1). In the Notice of Removal, Lincoln General treats Johnson's pleading as a separate action, referring to Johnson's "Petition for Intervention" as the "Elton Johnson suit."[1] (NOR ¶ 2). Lincoln General bases removal upon the Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq.*, arguing that all parties are diverse and that the amount in controversy is in excess of $75,000.00 exclusive of interest and costs. (*Id.* at ¶ 3). Specifically, Lincoln General alleges the following regarding citizenship: Johnson is a Louisiana resident; Lincoln General is a foreign insurance company domiciled and having its principal place of business in Pennsylvania; Sarasevic is domiciled in Texas; and M and H Trucking is a company with its principal place of business in

---

[1] The Court notes that Lincoln General supplies the specific docket information for the Morgan suit, indicating that it is Docket No. 2008-3738, Div. "F", Section "10". Lincoln General has not provided similar information for what Lincoln General refers to as the "Elton Johnson suit".

Texas. (*Id.* at ¶ 4).

Through the instant motion, Johnson moves for an order remanding this matter to state court, on the grounds that there is no subject matter jurisdiction over the portion of the claims at issue. (Rec. Doc. 5). Johnson observes that Lincoln General "base[d] the attempt at removal solely on the subsequent filing, a Petition for Intervention," rather than on the original state court petition.[2] (Johnson Mem. in Supp. p. 2). Johnson suggests that Lincoln General employed this tactic because the original petition does not support federal jurisdiction.[3] (*Id.*)

Lincoln General opposes the motion. (Rec. Doc. 6). Lincoln General asserts that "Johnson's claim is not an Intervention; rather, it [is] his own personal and distinct claim for a personal injury against foreign defendants involving damages in excess of $75,000.000 which is removable." (L.G. Mem. in Opp. p. 3). Because Johnson "could have, and should have, filed his own Complaint or Petition for Damages instead of filing a Petition for Intervention," Lincoln General argues that "removing the diverse claim of Mr. Johnson is proper as diversity jurisdiction lies in his claim." (*Id.* at p. 5).

## II. DISCUSSION

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)

---

[2] The original petition filed by Gavin Morgan was not included in Lincoln General's removal pleading.

[3] The parties are not diverse in the original proceeding filed by Gavin Morgan, for Morgan and defendant Johnson both are domiciled in Louisiana, thereby destroying complete diversity.

3

(citing 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)). The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived. *Id.* (Citing Fed.R.Civ.P. 12(h)(3); *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941)). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court. *Id.* (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)).

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubts regarding whether removal jurisdiction is proper should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In the instant case, Lincoln General removed the case to this Court and, consequently, bears the burden of establishing that jurisdiction is proper. Having reviewed the memoranda submitted by the parties, the Court finds that Lincoln General has failed to satisfy its burden.

As explained above, Lincoln General asserts that this Court has subject matter jurisdiction pursuant to the Court's diversity jurisdiction. In order for diversity jurisdiction to be established,

diversity of citizenship must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (citing *Getty Oil Corp., Division of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986)). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.* (quoting *Getty Oil*, 841 F.2d at 1259; *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).

Lincoln General's opposition centers on its argument that the Court should treat the Petition for Intervention" as a separate action. Lincoln General urges that the Court ignore the title that Johnson affixed to his pleading on the grounds that it is not an intervention. (L.G. Mem. in Opp. p. 3). In this vein, Lincoln General cites Louisiana Code of Civil Procedure article 1091, which reads as follows:

> A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
> (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
> (2) Uniting with defendant in resisting the plaintiff's demand; or
> (3) Opposing both plaintiff and defendant.

La. C.C.P. art. 1091. Lincoln General argues that Johnson has no interest in the matter filed by Morgan because Johnson is seeking to recover his own damages, which Lincoln General contends is an entirely new matter unconnected to the object of Morgan's action. (L.G. Mem. in Opp. p. 4). Consequently, according to Lincoln General, Johnson is not an intervenor. (*Id.* at p. 4). The Court agrees that Johnson does not satisfy the requirements of being a proper intervenor. Namely, the

Court notes that Johnson is not a "third party," a fact which Lincoln General ignores in its memorandum. Instead, Johnson is a defendant in the action filed by Gavin Morgan, and through his pleading, albeit possibly incorrectly named, he is asserting claims against other defendants.

The Fifth Circuit "instruct[s] district courts to determine the true nature of a pleading by its substance, not its label." *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)). If the Court examines the substance of Johnson's pleading, as Lincoln General agrees the Court must, the Court finds that Johnson's "Petition for Intervention" is more akin to a cross claim against certain co-defendants. Louisiana Code of Civil Procedure article 1071 permits a party to assert by cross claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter of the main action.[4] Johnson's description of his action supports this conclusion. In support of remand, Johnson explains that "in that same proceeding [initiated by Morgan], [Johnson] then brought claims, through a Petition for Intervention against the other original defendants." (Johnson Mem. in Supp. p. 2).

As such, the Court does not agree with Lincoln General's conclusory allegation that Johnson's "Petition for Intervention" is not a counterclaim, cross claim, or third party demand.

---

[4]Article 1071 reads as follows:

> A party by petition may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action. The cross-claim may include a demand that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant.

La. C.C.P. art 1071.

(L.G. Mem. in Opp. p. 4). However, the Court need not rule on this technicality, for any doubt as to whether removal jurisdiction is proper should be resolved in favor of remand. The Court finds that Lincoln General has failed to satisfy its burden of proving that this Court's jurisdiction is proper. Further, the Court finds that judicial economy would best be served by remanding this matter to the state court from which it was removed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by Elton Johnson is **GRANTED**. This matter shall be **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

August 1, 2008

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE